IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WELDON HAMMOND | * | |
| | * | |
| v. | * | Civil Case No. WMN-13-2603 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the Commissioner's Motion to Dismiss. ECF No. 17. I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that the motion be granted, and that the case be closed.

On September 9, 2013, Plaintiff Weldon Hammond, who appears *pro se*, filed a complaint appealing a denial of Social Security disability benefits. [ECF No. 1]. Mr. Hammond listed an address of 6325 Monika Place, Apt. 501, Baltimore, MD 21207. On January 28, 2014, the United States Attorney's Office filed a transcript and proposed scheduling order in Mr. Hammond's case. [ECF Nos. 12, 13]. The United States Attorney's Office mailed copies of those items to Mr. Hammond at the address on file with the Court, but the envelope was returned bearing a stamp reading "UNCLAIMED" and "return to sender." [ECF No. 15 Ex. 1]. On May 22, 2014, the Commissioner filed the instant Motion to Dismiss, citing Mr. Hammond's failure to prosecute his appeal and failure to maintain a valid address with the Court. [ECF No. 17]. On that same date, the Clerk's Office mailed a Rule 12/56 letter to Mr. Hammond, at the address of record, to advise him of the potential consequences of failure to oppose the motion to dismiss. [ECF No. 18]. Once again, the mail was returned to the Clerk's Office bearing a stamp reading "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD." [ECF No. 19].

Without reaching the issue of whether the failure to prosecute would warrant dismissal, I recommend that Mr. Hammond's appeal be dismissed due to his failure to maintain a current address with the Court in accordance with the Local Rules.  *See* Local Rule 102.1(b)(iii) (noting that if any self-represented litigant fails to maintain a current address with the Clerk, "the Court may enter an order dismissing any affirmative claims for relief filed by that party").  There is no practical way to adjudicate Mr. Hammond's claims without the ability to correspond with Mr. Hammond or to advise him of any eventual disposition.  Moreover, intervening steps, such as issuance of a show cause order, would be meaningless, absent any means of transmitting the show cause order to Mr. Hammond.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss (ECF No. 17); and

2. the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated:  June 26, 2014                                         /s/
                                                     Stephanie A. Gallagher
                                                     United States Magistrate Judge